NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PETER W. HUNT,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7025

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-1607, Judge William A. Moorman.

---

Decided: May 7, 2014

---

PETER W. HUNT, of Interlochen, Michigan, pro se.

JEFFREY A. REGNER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were Y. KEN LEE, Deputy Assistant General Coun-

sel, and CHRISTA A. SHIRBER, Attorney, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before DYK, CLEVENGER, and WALLACH, *Circuit Judges.*

PER CURIAM.

Peter W. Hunt appeals from the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus to compel the Secretary of Veterans Affairs ("Secretary") to take action with regard to claims filed by Hunt in 1977. *Hunt v. Shinseki*, No. 13-1607 (Vet. App. Sept. 25, 2013) ("Veterans Opinion"). For the reasons set forth below, we *affirm* the final decision of the Veterans Court.

I

Mr. Hunt served on active duty with the Army from August 31, 1967 to May 24, 1977. On June 6, 1977, he filed a claim for various ailments with a regional office ("RO") of the Department of Veterans Affairs ("agency"). By a rating decision dated October 18, 1977, Mr. Hunt was granted service connection for old fracture, distal phalanx, and left big toe, rated at 0%, and was denied service connection for hypertension, glomerulonephritis, residual heat strike, chronic nervous condition, and neurological condition manifested by neck pain and shiver through his back. On December 1, 1977, Mr. Hunt was given service connection for high frequency hearing loss of the left ear, rated at 0%. On December 7, 1977, a notification letter was sent to Mr. Hunt notifying him of the October 18 and December 1 rating decisions.

If Mr. Hunt sought to challenge those rating decisions, he was obligated to file a Notice of Disagreement ("NOD"), after the receipt of which the RO would prepare a Statement of the Case ("SOC"), a document that initi-

ates the veteran's appeal to the Board of Veterans' Appeals ("BVA"). Mr. Hunt avers that on December 21, 1977 he did timely file a NOD with regard to the two rating decisions.

Mr. Hunt first alerted the agency to his December 21, 1977 letter in February of 2011. The agency searched its files for communications from Mr. Hunt. The agency's records show only that the next communication between Mr. Hunt and the agency, following the decision letter of December 7, 1977 sent to Mr. Hunt, was a communication from Mr. Hunt on March 23, 1978 pertaining to a claim for dependents education benefits. In subsequent communications between the agency and Mr. Hunt concerning later-filed claims for service connection for other ailments, no mention was made by Mr. Hunt of the December 21, 1977 letter. Mr. Hunt's letter of February 2, 2011 submitted to the agency included a "Notice of Disagreement statement to support disagreement" and a copy of the December 21, 1977 letter.

On June 20, 2013, the agency wrote to Mr. Hunt. The agency then referred to a SOC sent on June 18, 2013, confirming RO decisions denying Mr. Hunt an earlier effective date for previously awarded service connection for PTSD. The agency also explained that its search of its records revealed no receipt of the December 21, 1977 letter, with no reference to it until February of 2011, and that Mr. Hunt's only communications concerning the status of a NOD were with respect to his education benefit claim. The agency also notified Mr. Hunt that it would treat the February 2, 2011 letter and the December 21, 1977 letter attached thereto as his "intent to file a claim for disability benefits." The agency further requested Mr. Hunt to clarify and identify the disabilities stemming from exposure to chemicals in Vietnam, which had been referenced in the original 1977 claims. The agency confirmed that it would "process a claim for these conditions as appropriate." The record before us does not indicate

that Mr. Hunt has taken any steps to proceed with the claim contemplated by the June 20, 2013 letter from the agency.

## II

On June 3, 2013, Mr. Hunt filed a petition for extraordinary relief by way of a writ of mandamus in the Veterans Court. The theory underlying Mr. Hunt's petition is that the agency in fact received his NOD of December 21, 1977, and then failed to issue him a SOC after the receipt of which he could pursue relief by appeal to the BVA. Mr. Hunt's view is that, but for the failure of the agency to issue the SOC, his claims filed in 1977 would have been granted positive service connection, with an effective date of the 1977 filings. Accordingly, his mandamus petition asked the Veterans Court to compel the agency either to grant him the sought benefits or issue him the SOC necessary for pursuit of his claim. The Veterans Court asked the Secretary for his response to Mr. Hunt's petition.

The Veterans Court recognized its authority to grant relief by way of writ of mandamus, noting that such relief "is a drastic one, to be invoked only in extraordinary circumstances." *Veterans Opinion* at 1 (citing *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976)). The Veterans Court recited the standard tests that each must be satisfied before issuance of a mandamus writ: (1) the petitioner must demonstrate a clear right to the relief sought, (2) the petitioner must show that he lacks an alternative means to seek the relief sought and (3) the court must be convinced that in the circumstances the writ is justified. *See Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004). The Veterans Court agreed with the Secretary's assertion that Mr. Hunt had alternative administrative avenues of relief (as the agency had previously notified Mr. Hunt by the June 20, 2013 letter), and thus held that Mr. Hunt had failed to satisfy the second test. Conse-

quently, Mr. Hunt's petition was denied, and he timely appealed to this court. We have jurisdiction under 38 U.S.C. § 7292.

## III

On appeal, the theory underlying Mr. Hunt's mandamus petition remains the same: but for the failure of the agency to issue a SOC after receipt of the December 21, 1977 NOD, he could have perfected his appeal to the BVA. Without the NOD, the agency had no obligation to issue the SOC. Aware of the agency's explanation that it never received the necessary NOD, Mr. Hunt postulates that on the issue of whether the agency did in fact receive the NOD, the benefit of the doubt rule stated in 38 U.S.C. § 5107(b) applies—with the result that the agency must be charged with having received the December 21, 1977, NOD.

The Secretary argues that § 5107(b) does not apply to mandamus proceedings because "the Veterans Court does not use a preponderance of the evidence standard in determining whether to issue such extraordinary relief." Sec'y Brief 12. Whether to issue a mandamus writ presents a legal question, to be sure, but a court may need to resolve factual issues in deciding if the three tests are met. In any event, whether the statutory benefit of the doubt applies in a mandamus proceeding is a legal question sufficient to sustain our jurisdiction over this appeal. *See* 38 U.S.C. § 7292(c). Mr. Hunt's § 5107(b) argument, were it successful, would also provide satisfaction of the first mandamus test, for if the agency had received the disputed NOD, Mr. Hunt would be clearly entitled to the relief of a SOC. Because Mr. Hunt's mandamus petition fails under the second test, as explained below, we need not decide the § 5107(b) question presented by Mr. Hunt.

The Secretary represents to us that Mr. Hunt "ha[s] access to RO review for any additional claims relating to the December 21, 1977 letter that he would like to raise

with the [agency], such as a claim to reopen a previously denied claim." Sec'y Brief 15. Based on these representations, by which the Secretary is bound, the Secretary argues that Mr. Hunt fails to meet the "other adequate avenue of relief" test for granting a mandamus writ. We agree with the Secretary.

As the agency has stated to Mr. Hunt, it stands ready to process expeditiously any claim he wishes to file regarding his two 1977 claims. For example, Hunt might seek to reopen his 1977 claim on the theory that the VA's failure to provide a SOC vitiated the finality of the 1977 ratings decisions. We approved that approach in *Cook v. Principi*, where we noted that Veterans Court cases allowing claimants to reopen old claims because the VA failed to provide a SOC or other document necessary for direct appeal resulted from a "straightforward application" of the appeal statutes. 318 F.3d 1334, 1340-41 (Fed. Cir. 2002) (en banc). Should Mr. Hunt file a claim like that, he would have the opportunity to present evidence that his NOD was in fact filed in 1977, and, if he prevailed on that showing, he would be entitled to reopen his 1977 claim. We therefore hold that the Veterans Court correctly denied Mr. Hunt's petition for mandamus, and thus affirm the final judgment of the Veterans Court in this case.

## CONCLUSION

The order of the Veterans Court denying the petition for mandamus is

## **AFFIRMED**

### COSTS

No costs.